## Alfred Stromberg and Androv Carlson v. Western Telephone Construction Co.

1. CONTRACTS—*Renewal After Rescission.*—A contract may, after a rescission thereof, be renewed, either by an express agreement of the parties thereto, or by acts which show an intention to give it new force and effect.

2. SAME—*Rescission Must be in Toto.*—If a contract be rescinded it must be *in toto.* It can not remain affirmed in part and in part repudiated.

3. LANDLORD AND TENANT—*What is a Rescission of Contract of Leasing.*—A notice from a landlord to a tenant to quit, for non-payment of rent, is a rescission of the contract of leasing.

4. SAME—*Waiver of Breach and Notice in Lease.*—The breach and notice in a lease are waived by the payment and receipt of rent accruing after the expiration of the notice.

Assumpsit, for royalties. Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed January 2, 1900.

LUDINGTON & JONES, attorneys for appellants.

Notice to quit is waived by the receipt of rent, as such, accruing after the expiration of the notice. 28 Am. & Eng. Ency. of Law, 553; Goodright v. Cordwent, 6 T. R. 219; Collins v. Canty, 6 Cush. (Mass.) 415; Prindle v. Anderson, 19 Wend. (N. Y.) 391; Blyth v. Dennett, 13 C. B. 176; Boggs v. Black, 1 Binn. (Pa.) 336.

If a lessor, after giving the lessee a general notice to quit, accepts rent for a time subsequent to the expiration of the notice, he thereby waives the notice and admits the continuance of the tenancy. Collins v. Canty, 6 Cush. (Mass.) 415.

When a tenant, with the consent of the landlord, express or implied, holds over his term, the law implies a continuation of the original tenancy upon the same terms and conditions. 12 Am. & Eng. Ency. of Law, 758, citing Webster v. Nichols, 104 Ill. 160; Clin. Wire Cloth Co. v. Gardner, 99 Ill. 151; Clapp v. Noble, 84 Ill. 62; McKinney v. Peck, 28 Ill. 174; Prickett v. Ritter, 16 Ill. 96; Miller v. Ridgely, 19 Ill. App. 306; Field v. Herrick, 14 Ill. App. 181; Wolz v. Sanford, 10 Ill. App. 136; Galloway v. Kerby, 9 Ill. App. 501.

The contract, when rescinded, must be rescinded *in toto*. Brown v. Schuler, 41 Ill. 192; Ryan v. Brant, 42 Ill. 78; King v. Mason, 42 Ill. 223; Wolf v. Dietzsch, 75 Ill. 205; Kellogg v. Turpie, 93 Ill. 265.

HOLMES, LYNN & SHIRRA, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This suit was commenced by appellants to recover from

appellee an amount claimed to be due upon a contract for the payment of royalties on "telephonic apparatus" manufactured by appellee under patents granted to appellants. The jury rendered a verdict assessing the amount due to appellants at $302. Motion of appellants for a new trial was overruled and a judgment upon the verdict entered.

By letter dated June 16, 1894, appellants notified appellee that said contract was abrogated for failure on the part of appellee to comply with the terms thereof. Evidence was introduced tending to show that afterward appellants waived the alleged breach of said contract by appellee, and· that said notice of the abrogation of said contract was rescinded, and that said contract remained in full force and effect. Counsel for appellant contend that the evidence shows that this was done by express agreement as well as by the acts of the parties. The questions of fact thus presented should have been submitted to the jury under proper instructions by the court.

At the instance of appellee the court gave to the jury the following instruction, viz.:

" The court instructs the jury that under the terms of the contract between the plaintiffs and the defendant, dated February 21, 1894, the plaintiffs had the right to abrogate the said contract and declare it null and void in the event that the defendant failed to keep any of the covenants of said contract by it to be kept; if the jury believe from the evidence that the said defendant failed to keep any of the covenants of the said contract by it to be kept, and that the said plaintiff thereupon elected to and did vacate and annul said contract, and wrote, signed and delivered to the defendant a letter dated June 16, 1894, and that the said letter gave notice to the defendant that the said plaintiffs had elected to abrogate said contract because of the failure of the said defendant to keep the covenants thereof; and you further find from the evidence that the defendant has paid the said plaintiffs in full for all royalties due under the terms of said contract up to the time of the receipt of the said letter; and you further find from the evidence that the plaintiffs had been paid for all telephonic apparatus made, used or vended by the defendant since said June 16, 1894, then and in that case you should find the issues for the defendant."

The contract in question might, after a rescission thereof, be renewed, either by an express agreement of the parties thereto, or by acts which show an intention to give it new force and effect. Graham v. Holloway, 44 Ill. 385, 392; Wilkinson v. Blount Mfg. Co., 169 Mass. 374.

A notice from a landlord to a tenant to quit, for non-payment of rent, is a rescission of the contract of leasing. In principle, it can hardly be distinguished from a rescission of the contract in question. The breach and notice in the matter of the lease are waived by the payment and receipt of rent accruing after the expiration of the notice. Collins v. Canty, 6 Cush. (Mass.) 415; Prindle v. Anderson, 19 Wend. 391.

Said instruction says to the jury, in effect, that if they believe from the evidence that appellants elected to and did abrogate said contract, and write said letter dated June 16, 1894, and that appellee had paid to appellants all royalties due under the terms of said contract, that then they should find the issues for the appellee. The question of whether said notice of abrogation had been waived by express agreement, or by the acts of the parties, is thus taken from the jury. That should not have been done. If the contract had been renewed by the parties in either of the modes indicated it was thereafter just as binding upon them as it would have been if said notice had never been given.

If a contract be rescinded it must be *in toto*. It can not remain affirmed in part and in part repudiated. Kellogg & Co. v. Turpie, 93 Ill. 265, 269.

Appellants offered in evidence duly certified copy of bill in chancery, filed by appellee February 6, 1896, in the Circuit Court of the United States for the Western District of Wisconsin, verified by the secretary of appellee company, in which it is charged that appellee is the sole owner, under and by virtue of said contract, of the letters patent mentioned therein. Appellants also offered in evidence a duly certified copy of a bill in chancery filed by appellee against appellants in the Circuit Court of the United States for the Northern District of Illinois, December 8, 1894, and verified

by the president of appellee company, in which it is charged in effect that said contract was then in full force and effect.

The objection of appellee to the admission of said bills in chancery in evidence, was sustained. They should have been admitted. They bore directly upon the question of whether said contract had been terminated under the notice of June 16, 1894. Delaware Co. v. Diebald Safe Co., 133 U. S. 473; Pope v. Allis, 115 U. S. 363.

It is not deemed necessary to consider at length other errors assigned.

For the reasons indicated the judgment of the Superior Court is reversed and the cause remanded.