**Ruth Whitney, by Arthur Whitney, Appellee, v. Frank N. Derby and William M. Derby, Jr., Appellants.**

**Gen. No. 23,279.    (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. SAM-UEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 13, 1918.

## Statement of the Case.

Action by Ruth Whitney, by Arthur Whitney, her next friend, plaintiff, against Frank N. Derby and William M. Derby, Jr., defendants, to recover damages for personal injuries sustained by plaintiff when a stone balustrade, on the front steps of a building owned by defendants, in which plaintiff's father was a tenant, fell on her, injuring her left leg and knee. From a judgment for plaintiff for $1,000, defendants appeal.

For the case on a former appeal, see *Whitney v. Derby*, 197 Ill. App. 309.

WARREN PEASE, for appellants.

COBURN & BENTLEY, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 257*—*what not variance between declaration and proof in action for injuries to tenant's child.* Where a declaration alleged that a large stone balustrade on the front steps of the building in which plaintiff's father was a tenant became loose, that defendants, owners of the building, were aware of its dangerous condition, and that notwithstanding this they permitted the balustrade to remain as it was, and that plaintiff, while in the exercise of proper care for her own safety, was on the steps and the balustrade fell or toppled upon her, injuring her, and the proof showed that plaintiff, a young girl, took hold of the balustrade and began to move it back and forth, swaying it further each time, for five or six times, when it fell over against her and injured her, *held* that there was no variance between declaration and proof.

2. LANDLORD AND TENANT, § 234*—*when tenant's child swaying stone balustrade not contributorily negligent.* Where a stone balustrade, on the front steps of the building in which plaintiff, 11 years old, lived with her father, was so loose that it could be moved back and forth and was in a dangerous condition, of which her father had warned her, and told her to keep away from it, but she had a number of times moved it back and forth without injury to herself and believed it would not harm her, and she finally was injured while so playing with it, swaying it back and forth, further and further, until it fell over against her, she was not guilty of contributory negligence.

3. DAMAGES, § 122*—*when verdict for personal injuries not excessive.* A verdict for $1,000 damages *held* not excessive for injuries to plaintiff's knee and leg, in view of all the circumstances shown, her physician testifying that he did not believe a joint so severely injured would ever fully recover or become as strong and resistant to disease as if never injured.

TAYLOR, P. J., concurring specially.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.