Huyler's, Appellant, *v.* Broadway-John Street Corporation, Respondent.

First Department, February 4, 1921.

Summary proceedings — prosecution not enjoined where grounds forming basis for injunction are matters of defense — Municipal Court of New York city has jurisdiction though petitioner alleges present ownership merely — independent action not maintainable for discovery.

A suit for an injunction to restrain the prosecution of summary proceedings in the Municipal Court of the City of New York, on the ground that the notice terminating the lease was ineffectual and that the landlord waived the notice by accepting rent after the expiration of the notice of termination, is not maintainable, since such matters constitute defenses to the proceedings which may be set forth in the answer thereto.

The fact that the petitioner in the summary proceedings alleged in its petition that " the petitioner is the owner " instead of alleging that " it is and was at all times mentioned herein the owner," did not deprive the court of jurisdiction.

This action will not be permitted in order to obtain discovery on the ground that the petitioner in the summary proceedings could not be examined before trial, since section 1914 of the Code of Civil Procedure prohibits an action for discovery in aid of the prosecution or defense of another action.

APPEAL by the plaintiff, Huyler's, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of December, 1920, denying plaintiff's motion for an injunction *pendente lite* and vacating a restraining order previously granted.

*Roger Hinds,* for the appellant.

*Charles Goldzier* of counsel [*Alfred J. Wolff,* attorney], for the respondent.

PAGE, J.:

The action is for an injunction restraining the defendant from prosecuting a summary proceeding in the Municipal Court to recover possession of the premises known as No. 133 West Forty-second street, upon which is a five-story building which plaintiff as tenant holds under a twenty-one-year lease expiring May 1, 1927.

The lease contained the following cancellation clause in so far as applicable:

" *Fourth.* The party of the second part [lessee] is hereby given leave, within five years from the first day of May, 1906, to tear down the building now on said premises and erect on said premises a new building, subject to the approval by the party of the first part [lessor] in writing, of the plans and specifications therefor; and it is further agreed, that in the event that the party of the second part shall not so erect such new structure within said five years from the first day of May, 1906, then, in that event, the party of the first part shall have the right, after the expiration of said five years, upon giving six months' notice, in writing, and upon payment of the sum of Ten Thousand Dollars ($10,000), lawful money

of the United States, to the cancellation of this lease, for the purpose of erecting a new building on said premises."

The defendant on October 29, 1919, served upon the plaintiff a notice that it elected to terminate the lease on May 1, 1920, and further stated therein: " We will pay to you the sum of $10,000 upon your vacation of the premises; or if you prefer, we will let you have the $10,000 now and have you enter into an agreement cancelling the present lease and terminating your tenancy, on or before May 1st, 1920. If you wish to vacate earlier we will be glad to enter into such an agreement with you, as we intend rebuilding the premises as soon as possession may be had."

The summary proceeding was instituted on November 10, 1920, and the landlord has accepted plaintiff's rent each month since May 1, 1920. When the notice was given the landlord was not the owner of the premises. It had signed a contract to purchase the property and did not take title until December 16, 1919. The plaintiff objects to the defendant being allowed to continue the proceeding in the Municipal Court upon the following grounds: 1. The notice was ineffective to terminate the lease for the reason that the corporation giving the same was not at the time owner of the premises. (*Reeder* v. *Sayre*, 70 N. Y. 180, 187; *Scheele* v. *Waldman*, 136 App. Div. 679, 682.) 2. The notice was not effective because the $10,000 was not paid or tendered at the time of the giving of the notice or prior to the date of its expiration. (*Douglaston Realty Co.* v. *Hess*, 124 App. Div. 508, 509.) 3. The acceptance of the rent after the expiration of the notice of cancellation was a waiver of the notice, and the tenant, having attorned to the landlord, ceased to be a holdover tenant, and there must be a new notice to terminate the lease. (*Smith* v. *Littlefield*, 51 N. Y. 539, 543; *Ashton Holding Co., Inc.*, v. *Levitt*, 191 App. Div. 91, 94.)

The facts above set forth may be alleged as defenses to the summary proceeding in the Municipal Court. The New York City Municipal Court Code (Laws of 1915, chap. 279, § 6, subd. 2) provides that the Municipal Court shall have jurisdiction of a summary proceeding authorized by the Code of Civil Procedure to recover the possession of real estate situated wholly or partly within the district. Section

2244 of the Code of Civil Procedure provides that the answer in such proceeding may set forth a statement of any new matter constituting a legal or equitable defense.

The grounds do not establish a right to injunctive relief. There is nothing in the plaintiff's claim that the Municipal Court does not have jurisdiction, because the petition states that " the petitioner is the owner," instead of alleging that " it is and was at all times mentioned herein the owner." This point was expressly passed upon in *Kaminsky* v. *Klasko Finance Corporation* (191 App. Div. 412, 415).

Finally, the plaintiff alleges that it is entitled to discovery, and, therefore, the court should permit this action, as the petitioner could not be examined before trial in the summary proceeding. But " an action cannot be maintained, to obtain a discovery under oath, in aid of the prosecution or defence of another action." (Code Civ. Proc. § 1914.)

The motion for an injunction was properly denied, and the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.