KATHARINE T. MOORE, Appellant, v. MAGGIE SCULLION, Respondent.

Supreme Court, Appellate Term, First Department, March, 1923.

**Landlord and tenant — summary proceedings — sufficiency of notice to terminate tenancy.**

Where the last of two extensions of a lease of premises in the city of New York for one year expired on September 30, 1922, a notice served upon the tenant the day before by the landlord that on and after October 1, 1922, the tenant's occupancy would be that of a monthly tenant and that the landlord elected to terminate the tenancy on November 1, 1922, and that unless the tenant removed from the premises on that date summary proceedings would be instituted for her removal, is sufficient.

In compliance with section 1410 of the Civil Practice Act the petition in the summary proceeding contained an allegation as to the landlord's desire to demolish the building for the purpose of erecting a new one, the plans for which had been filed and duly approved by the tenement house and building departments of the city, which allegation was also embodied in the notice served upon the tenant. *Held*, that the dismissal of the proceeding upon a holding of the trial justice that a notice to terminate a tenancy must be given while the tenancy is in force, was error for which a final order in favor of the tenant will be reversed and a final order awarding to the landlord the possession of the premises will be granted.

APPEAL by landlord from a final order of the Municipal Court of the city of New York, borough of Manhattan, third district, dismissing the landlord's petition in a summary proceeding brought to dispossess the tenant.

*Frank L. Holt*, for appellant.

*Gavagan & McNally (Joseph A. Gavagan,* of counsel), for respondent.

WASSERVOGEL, J. The landlord's petition alleges a letting by written lease to the tenant for a period of one year from November 1, 1920, and that two extensions were given, the last expiring on September 30, 1922. There is a further allegation in compliance with section 1410 of the Civil Practice Act, that the landlord desired to demolish the building for the purpose of erecting a new building upon the site and that plans for such new building had been filed and duly approved by the tenement house and building departments of the city of New York. It also appears that before the expiration of the last extension the landlord on September 29, 1922, caused to be served upon the tenant the following notice:

" To MAGGIE SCULLION:

" You will please take notice that the undersigned, the landlord and owner of the premises No. 301 West 22d Street, Borough of Manhattan, New York City, now occupied by you as tenant, desires to recover possession of the said premises for the purpose of demolishing the building thereon erected with the intention of constructing a new building on said premises, and that on and after October 1, 1922, your occupancy of the said premises will be that of a monthly tenant; and further notice is hereby given you that the undersigned hereby elects to terminate your tenancy of said premises on November 1, 1922, and that unless you remove from said premises on the date upon which your term expires as aforesaid, to wit: on the first day of November, 1922, the undersigned will commence summary proceedings to remove you therefrom.

" Dated, NEW YORK, *September* 29, 1922.

" KATHARINE T. MOORE,

"*Landlord and Owner,*

" By JAMES N. WELLS' SONS,

" *Agent.*"

The sole question before the trial court was as to the sufficiency of the notice above quoted.

Upon motion of the tenant, the trial justice dismissed the proceedings, apparently holding that a notice to terminate a tenancy must be given while the tenancy is in force. We find no justification for such ruling upon facts presented here. If the thirty-day notice required by statute must be served upon a tenant during the term of his monthly tenancy it would be necessary to serve such notice on the first day of the month, and it would, therefore, be impossible to terminate the tenancy during any month containing less than thirty-one days. It has been held that the statute does not require that such notice shall be given exactly one month before the expiration of the term, but merely provides that it should be given " at least thirty days " before such time (*Ginsberg* v. *Leit*, 187 N. Y. Supp. 450), and the tenant cannot complain that thirty-two days' notice was given to her instead of thirty days.

Final order reversed, with ten dollars costs, and final order directed awarding to the landlord the delivery of the possession of the premises, with costs.

GUY and COHALAN, JJ., concur.

Order reversed.