## RICHARD HUDSON ET UX.
*vs.*
## ALDAYSLAW KUSZYNSKI

Court of Common Pleas    New Haven County    File No. 34420

MEMORANDUM FILED OCTOBER 26, 1943.

*FitzGerald, Foote & FitzGerald,* of New Haven, for the Plaintiffs in Error.

*Vincent P. Dooley,* and *Isadore Chaplowe,* of New Haven, for the Defendant in Error.

CULLINAN, J. The defendant in error recovered judg- ment in an action of summary process, tried before a justice of the peace, for possession of a New Haven apartment occupied by the plaintiffs in error. The latter bring this writ of error to reverse the judgment, assigning the action of the trial justice as having been erroneous in two material matters:

1. In holding the notice to quit, served on the plaintiffs

in error at the direction of the defendant in error, adequate and sufficient.

2. In holding that the defendant in error, by a claimed acceptance of rent, did not waive his right to proceed with the summary process action.

Mr. and Mrs. Hudson are occupying their apartment as month-to-month tenants. On May 1, 1943, their rent for the month of May, concededly in the amount of $38, was paid to Mr. Kuszynski. Thereafter, on May 27, 1943, the landlord caused a notice to quit to be served on Mr. and Mrs. Hudson notifying them that they were to quit possession of the premises on or before June 7, 1943.

The defendant in error contends this notice was served under the authority of section 1429e of the 1939 Supplement to the General Statutes, the relevant portion of which reads: "When a lease....of any apartment in any building, whether in writing or by parole, shall terminate by lapse of time.... and the owner....shall desire to obtain possession of the same at the termination of the lease, or at any subsequent time, he ....shall give notice to the lessee to quit possession of such ....apartment, at least ten days before the termination of the lease, or before the time specified in the notice for the lessee to quit possession...."

The plaintiffs in error claim that the foregoing statute makes mandatory the service of the notice to quit at least ten days before the termination of the tenancy; that the notice to quit, served on May 27, 1943, was insufficient and inadequate in the light of this statutory mandate; and that a judgment predicated on any such faulty notice to quit must be regarded as fatally defective.

I am unable to concur in this statutory construction of the plaintiffs in error, since a notice to quit, under the statute, is to be regarded as equally valid whether served at least ten days before the termination of the lease or at least ten days before the time specified in the notice for the lessee to quit possession. Obviously a notice served on May 27, 1943, demanding surrender of the premises on or before June 7, 1943, meets this latter requirement.

Attention is directed to *Ginsburg vs. Leit,* (App. Term, Supreme Court) 187 N.Y. 450. On September 1, 1920, the

tenant therein, occupying as a month-to-month tenant, paid his rent for the month of September. On September 17, 1920, the landlord served upon the tenant a notice of his election to terminate the tenancy as of 'November 1, 1920. While the New York statute relating to notices to quit differs from that of Connecticut in that a notice of at least 30 days is required, nevertheless the notice given on September 17, 1920, during the course of the tenancy, was held valid. *See, also, Moor vs. Scullion,* 120 Misc. 464, 198 N.Y. 760. Similarly, and in the light of the liberal provisions of section 1429e of the 1939 Supplement to the General Statutes, a notice to quit, served at least ten days prior to the time when the lessee is to quit possession, is valid and forms the proper basis for a judgment for possession of the leased premises.

Proceeding to the second claimed error of the trial justice, it must be conceded that a landlord, who, after giving a notice to quit, receives rent for the leased premises waives his notice to quit and continues the tenancy. *Huyler's vs. Broadway-John Street Corp.,* 195 App. Div. 410, 412, 186 N.Y. 290, 292; *Stromberg vs. Western Telephone Const. Co.,* 86 Ill. App. 270; *Western Union Telegraph Co. vs. Pennsylvania R. R. Co.,* 123 Fed. 33.

In this connection, the plaintiffs in error allege that prior to the effective date of the notice to quit, namely on June 5, 1943, they forwarded a money order to the defendant in error, in the sum of $38, representing June rental; that this money order was accepted by the defendant in error; and that he thereby waived his right to proceed in a summary process action.

The trial justice has found as a fact that the claimed payment for the month of June was not accepted by the defendant in error; and has found, further, that the defendant in error waived none of his rights. These findings cannot be disturbed. *Noll vs. Moran,* 94 Conn. 452.

There is no error, and it is adjudged that the writ of error be dismissed and that the defendant in error recover his costs.