**Dorris Rogers, a Minor, by Next Friend, Plaintiff-Appellee, v. Walter Sins, Defendant-Appellant.**

### Term No. 52–O–27.

Opinion filed January 30, 1953.
Released for publication March 4, 1953.

OEHMKE & DUNHAM, and HOWARD F. BOMAN, all of East St. Louis, for appellant.

ROBERT B. RUTLEDGE, of East St. Louis, for appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

Dorris Rogers, aged 2½ years, while residing in a second-floor apartment owned by Walter Sins, defendant, fell out of a hall window, taking a screen with her, and received injuries. Suit was brought in her behalf by her father as next friend. The trial court entered judgment on a verdict for plaintiff of $7,500, and this appeal followed.

Defendant contends that plaintiff's case was based upon a charge of negligence, there was no claim of application of any other doctrine, and the evidence did not support the charge, so that a verdict should have been directed for defendant.

The single charge of negligence against defendant is that he "so negligently and improperly permitted the said screen in said window to become and remain in a defective and insecure and unsafe condition, that by means of the premises and the negligence of the defendant" the plaintiff was injured. No contention was made that the type of screen was improper, nor that defendant failed to guard the window in which the screen was placed.

██ From an examination of the testimony, we find no evidence to support the charge made. There was no eyewitness to the incident. Defendant's testimony indicates he had purchased the property some time before, and received with it screens for other windows, but none for the hall window. About two months before the occurrence, he had purchased a new screen for this window of the sliding type which expands to fit the aperture. His sister, who occupied one of the apartments, had installed the screen.

The sister testified that she set the screen in and pulled it as far apart as she could so that it was in the ledge or ridges on each side, and pulled the window down on it. It was a good tight job. It never fell out before. On previous examinations it was in perfect condition.

For the plaintiff, there was no attempt to contradict any part of the foregoing. Plaintiff's father testified of the screen, "It looked all right to me, fairly new. The frame was not bent." He never paid much attention to it, nor examined the fit. The child's mother testified she had never examined the screen. One day, defendant had warned her the child was climbing in the window. The mother states that she punished the child, but did not examine the screen. All she could state about it was that it had a wooden frame. There is no other evidence on the prior condition of the screen. After the occurrence, defendant offered evidence that the wire was pushed out of the frame of the screen on one side, that marks or scratches on the window frame were visible. Plaintiff offered nothing on this subject.

We perceive nothing in the testimony from which the jury could properly find that there was anything defective or insecure about the screen, as such. There is nothing to show any difference in its "safety" from that of thousands of other screens and windows in daily use, and in which the propensities of children may induce them to climb.

There was nothing unusual about the window. The sill had the common height of 30 inches above the floor, which could not differ very much from the height of a 2½-year-old girl.

The argument of plaintiff is not clear. It appears to involve two theories, one that the screen was defective, of which there is no evidence, and the other that defendant had a duty to provide screens which a child could not push out or dislodge, to which we cannot agree. Plaintiff cites two Missouri cases, one of which is unique. It appears to be based upon an express contract to provide screens to prevent children from falling out, and upon evidence that the screens were rusted and defective. The court attempts to distinguish the

356

New Jersey case hereafter cited. *Shaw v. Butterworth,* 327 Mo. 622. The other cited case, *Olian v. Olian,* 322 Mo. 689, is clearly based upon evidence that is non-existent before us. The court said, "There is no question but that the back screen of this porch which was fastened to a railing and upright posts was allowed to come loose and insecure, of which defendant had notice and had promised to repair the same."

Whether or not those decisions are correct on their premises, they have no application to the facts before us.

▮ As to the argument that, if a child manages to dislodge a screen, the owner is necessarily liable, we are unable to agree. In *Crawford v. Orner & Schayne, Inc.,* 331 Ill. App. 568, it was held that there is no duty to provide a screen which will support a plaintiff leaning against it. The case is based upon an analysis of the subject in *Egan v. Krueger,* 183 N. J. L. 474, 135 Atl. 811.

Plaintiff seeks to distinguish these cases on the basis that they involved leased premises, not a common hallway. We have examined both cases and find no such distinction made. They were predicated upon the purposes of screens, and that they are not guards.

▮ It may be that screens have some restrictive effect, if the child is not too aggressive, but they are not customarily designed to withstand all tampering, and leaning or falling against them. Just what the child did in this case is unknown, but that fact cannot be substituted for proof that defendant was negligent.

▮ The law recognizes that a child of tender age following its natural instincts, can find an infinite variety of ways of injuring itself. Based on that inherent disposition, the rule is that such a child is not chargeable with contributory negligence. Having adopted that premise, the law cannot consistently go

to the opposite extreme and presume negligence on the part of the owner of premises every time a child finds a way to get hurt thereon.

Plaintiff's argument would not permit the use of ordinary, usual and customary construction and arrangement of premises where there are children. The landlord would have to protect them from harm at his peril. Of course, under such a principle, ordinary screens would not be sufficient for open windows; bars or other protection would have to be provided. Yet, plaintiff's complaint was not based on such an untenable theory, but merely charged negligence in the maintenance of the screen.

 Reference is made in plaintiff's argument that defendant had seen the child climb in the window, and had seen fit to warn the parents of their child's dangerous proclivities. It seems to be inferred that this ought to require defendant to do something else, the nature of which is not suggested. Possibly this involves some of the notions which are inherent in the law of ''attractive nuisance.'' If that is the idea, we decline to extend that doctrine to an ordinary window screen.

██ Plaintiff also cites *Whitney v. Derby,* 210 Ill. App. 107, wherein a child played with a stone balustrade on the front steps and it fell on her. That case is predicated on the fact that the stones had become loose, and that this constituted a defect likely to cause injury, of which the owner had knowledge. Also, *Fowler v. Crilly,* 187 Ill. App. 399, involved a rotten board in a porch landing, of which the owner had knowledge. The plaintiff overlooks the fact that the present case is devoid of any evidence of a defect in an ordinary window screen, and that no question can even arise of knowledge of a defect which does not exist.

It must be concluded that the evidence does not lend any support to the charges in the complaint; there was

no question of fact to submit to the jury on the question of liability; and that this case does not establish legal liability of the defendant. The motion for a directed verdict should have been allowed. Accordingly the judgment is reversed.

*Judgment reversed.*

BARDENS, P. J. and CULBERTSON, J., concur.