Duane A. Rahn, as Guardian of the Estate of Raymond Daniel Rahn, a Minor, Plaintiff-Appellant, v. M. H. Beurskens, Defendant-Appellee.

Gen. No. 10,646.

Fourth District.

January 11, 1966.

Webber, Balbach & Thies, of Urbana (Stanley B. Balbach, of counsel), for appellant.

Lemma & Lee, of Tuscola, for appellee.

SMITH, J.

Raymond Rahn, a 15-month-old toddler, by his guardian, sued the landlord of his father for personal injuries sustained when he grasped a defective outside electrical wire on the premises with one hand and a water faucet with the other. At the close of plaintiff's evidence, the trial court directed a verdict, denied a post-trial motion and entered the judgment in bar which we now review.

Defendant successfully contended in the trial court, as he asserts here, that he cannot be liable for defects on the leased premises unless plaintiff establishes (1) that defendant retained possession of that part of the premises where the injury occurred; (2) or that the defect was latent; (3) or that the defendant had actual knowledge of such defect at the time of the letting and concealed it from the tenant; (4) or that any agreement to repair was entered into at the inception of the lease. Plaintiff apparently concedes that one or more of these conditions are a prerequisite to liability in proper cases and that none of them exist under the facts of this case. Never-

theless, he asserts that his age insulates him from the effective application of any of these conditions and that his right to recovery is based on ordinary rules of negligence. This is the issue.

The Rahns leased the property from the defendant on a month-to-month basis and moved into it in August 1962, with their four children who were all below the age of 10 years. At the time of the leasing, defendant was cleaning up the house and testified when called as an adverse witness: ". . . After Mr. Waugh moved out I cleaned up and painted and varnished the floor and woodwork and the house was in 100% good condition at the time that I rented it to the Rahns. I checked everything before it was rented to the Rahns including the wiring and it was all in good shape. All was okay. At the time I rented to them I think they had three or four children. . . ." Waugh, the previous occupant, testified that he "observed the cable on the west side of the house and at certain spots of the cable it was bare like it had been eaten away or gnawed on or something." He told the defendant he was going to have the house rewired but specified no particular wire. Defendant told him if he thought it needed rewiring to go ahead as it was his responsibility under his purchase contract. Defendant further testified that he made any repairs the Rahns requested and repaired a sewer and put in a screen within 10–12 feet of the cable in question. Mrs. Rahn said she noticed the wire and asked defendant about it when she paid the rent after the first month and again in the spring when she asked him to repair it, he said "he would see about having it fixed." Mr. Rahn also testified to defendant's promise to fix the wire within a week after they moved in and again when the sewer was being fixed and again in the spring. On this latter occasion, defendant said: "Hasn't Sparks fixed it yet—I told him about it." The wire was a Romax two-wire installation running from the meter down the side of the house

near the water faucet. An offer of proof that the cost of repair would be $15 to $20 was refused.

█ Taking this evidence in the light most favorable to the plaintiff as we must in considering the propriety of the directed verdict, we think the evidence suggests (1) that the wiring was in a defective condition at the time of the leasing; (2) that the defendant knew or should have known it; (3) that defendant knew that the young children frequented the vicinity; (4) that he knew small children would not understand or appreciate the danger; (5) that injury to person or property was reasonably foreseeable from its condition; and (6) the cost of repair was minimal. Under these circumstances, what was the duty and what is the liability of the defendant?

██ In Wagner v. Kepler, 411 Ill 368, 104 NE2d 231, the court recognizes the general rule that, absent an agreement concerning repairs, the lessee and not the owner is liable to third persons for injuries received as a result of a failure to keep leased real estate in repair. It likewise recognizes the rule that where an owner has actual or constructive notice of a defective and dangerous condition existing at the time of the lease which remains uncorrected the owner, notwithstanding the lease, is liable to strangers for injuries resulting from such defective condition to the same extent as if he were in control and possession of the property. (Citing cases.) In discussing the rule as to small children where the attractive nuisance doctrine does not apply, the court states the rule to be:

> ". . . [W]here an owner knows, or should know, that young children habitually frequent the vicinity of a defective structure or dangerous agency existing on the land, which is likely to cause injury to them because they, by reason of their immaturity, are incapable of discovering the danger or appreciating the risk involved, and where the expense or

inconvenience to the owner in remedying the condition is slight compared to the risk to the children, the duty devolves upon the owner to exercise due care to remedy the condition or otherwise protect the children from injury resulting from it. Ramsay v. Tuthill Building Material Co., 295 Ill 395, [129 NE 127, 129, 36 ALR 23]; Gritton v. Illinois Traction, Inc., 247 Ill App 395; Restatement of the Law of Torts, sec 339; Prosser on Torts, sec 77. . . ."

The foregoing rule was followed in Kahn v. James Burton Company, 5 Ill2d 614, 126 NE2d 836, where, in discussing the liability of one who was neither a lessor nor a lessee nor one in possession either of the premises or the instrumentality causing the injury at the time of its occurrence, the court adopts the rule that the true basis of liability to a child is the foreseeability of harm to the child and customary rules of negligence apply. Kahn has been discussed and applied with approval in a variety of circumstances. American Nat. Bank & Trust Co. v. Pennsylvania R. Co., 52 Ill App2d 406, 202 NE2d 79; Smith v. Springman Lumber Co., 41 Ill App2d 403, 191 NE2d 256; Skaggs v. Junis, 27 Ill App2d 251, 169 NE2d 684. These cases, as well as Kahn, hold that the issues presented are normally, usually and preeminently questions of fact for the jury. We, therefore, conclude that the trial court erred in directing a verdict as a matter of law and that the issues should have gone to the jury.

We recognize as other courts have done that a small child is explorative and inquisitive by nature and the number and manner of ways he can find to injure himself is almost limitless. We therefore disclaim any intention of suggesting that the mere fact of injury to one of tender years is in itself either presumptively or otherwise any indication of negligence on the part of anybody. Each incident must be appraised from its own

peculiar facts. A landlord is not an insurer nor is he bound to protect children at his peril. His conduct is to be weighed on the theory that he will not neglect a condition which the common experience of man teaches is dangerous with injury therefrom reasonably foreseeable and conversely, he is not required to worry his head over events that are only barely possible and not reasonably foreseeable. He can be, and sometimes is, exonerated as a matter of law. Kuhn v. Goedde, 26 Ill App2d 123, 167 NE2d 805; Rogers v. Sins, 349 Ill App 353, 110 NE2d 643; Gasquoine v. Bornstein, 10 Ill App2d 423, 135 NE2d 121. We think the facts as viewed most favorably for the plaintiff present, not a question of law for the court at this point, but issues of fact for the determination of the jury.

 Defendant disclaims liability for the further reason that the minor child, being a member of the family, stands in the shoes of his father and is owed no greater duty than that owed the father. This is, we think, a nonsequitur. No case so holding is cited. No case to the contrary is cited. A 15-month-old child does not of his own volition establish his status as that of a trespasser, visitor, licensee, invitee, or lessee. He is, at that age, wholly uninformed as to his rights, wholly unconcerned as to his status in the world, wholly indifferent to the hazards of everyday living and frequently contemptuous of the convenience, wishes and rights of others. The law recognizes his incapacity for negligent conduct and protects him from it. The things that may interest, allure, entice or attract him are legion. The law conceived the doctrine of attractive nuisance to change his status from that of trespasser to that of invitee so that he might recover for the negligent conduct of others and not be required to show a willful or intentional wrong. The cases cited herein are abundantly clear that children of the neighbors would have been protected if the landlord was aware that they frequented the

property and danger to them was reasonably foreseeable. We have seen from Kahn that it is not the status of the creator of the dangerous instrumentality as lessor, lessee, owner, or possessor or one in control that determines the liability to a small child, but, irrespective of status, the test is whether danger to a child or children is reasonably foreseeable by the creator of such instrumentality. If status is of no import to the creator, it seems to us that the status of an injured minor is equally not controlling. We do not repudiate the doctrines advocated by the defendant when confined to their proper pigeonholes in landlord-tenant relationships. In our judgment, Kahn effectively insulates a 15-month-old child from their applicability. Our legislature has declared it to be contrary to the public policy of our State to permit a landlord to contract away his liability for the negligence of himself, his agents, servants, or employees in the operation or maintenance of the demised property. Ill Rev Stats 1963, c 80, § 15a. In the face of this announced policy, it seems to us a bit of an absurdity to deny recovery to a minor solely because he is the son of a tenant when all other small children on the premises may lawfully recover. It seems to us that the test of foreseeability is as potent in one instance as it is in the other.

Plaintiff sought recovery for two types of damage. One was based on permanent injury and pain and suffering to the minor. It is clear that contributory negligence of the parents, if any, cannot be imputed to the minor for injuries directly sustained by such minor. Lovas v. Independent Breweries Co., 199 Ill App 60; Nudd v. Matsoukas, 6 Ill App2d 504, 128 NE2d 609.

Plaintiff also sought recovery as assignee of medical and hospital bills incurred and paid by the father and loss of wages sustained by the mother while at home caring for the child. The complaint alleged an assignment

430

by the parents to the minor and disclaimed any interest in any recovery for such items. Such an assignment is apparently not void. ILP, Assignments, § 15; Higgins v. Byrnes, 274 Ill App 440. Plaintiff's right to recovery of these items is, nevertheless, circumscribed and limited by the provisions of CPA 22, Ill Rev Stats 1963, c 110, § 22, which reads, in part, as follows: Such "action is subject to any defense or set-off existing before notice of the assignment." It would thus appear that the assignment of these items to the minor does not serve to bar such defenses as may have been available against the parents in an original suit brought by them for recovery of these items.

The judgment of the trial court is reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

Reversed and remanded.

TRAPP, P. J. and CRAVEN, J., concur.