ERIN JOHNSON, a Minor, by Lenora Johnson, her Mother and Next Friend, Plaintiff-Appellant, *v.* CHICAGO HOUSING AUTHORITY, Defendant-Appellee.—(RONNIE WHITLOCK, Defendant.)

First District (3rd Division)    No. 79-580

Opinion filed December 31, 1980.

Schwartzberg, Barnett & Cohen, and Heller & Morris, both of Chicago, for appellant.

Orner, Wasserman & Moore, of Chicago (Norton Wasserman and Helga E. Huber, of counsel), for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Erin Johnson, was allegedly injured when struck by bedding, a box spring and a bed frame thrown from a window of the

apartment building where she resided. The apartment building is part of a housing project which is owned and operated by defendant, Chicago Housing Authority (CHA). In count I of the complaint, plaintiff alleged that negligence on the part of the CHA in operating and managing its buildings was the proximate cause of her injuries. In count II, plaintiff alleged that defendant, Ronnie Whitlock, a tenant in the apartment building, was guilty of negligence for throwing the bedding articles from his window. The CHA filed a motion to dismiss count I for failure to state a cause of action, and the trial court granted the motion. We affirm.

In count I of the complaint, plaintiff alleges that the CHA knew or should have known that tenants threw garbage and debris from their apartments due to the inadequate garbage removal services provided by the CHA. Plaintiff claims that the CHA assumed the duty of protecting people from being injured by debris thrown from its buildings because it provided for screening or fencing to be placed around outdoor landings on the buildings to prevent debris from being thrown from these landings. Plaintiff contends that the CHA should have known that once the landings were enclosed, people would then throw garbage out of their windows unless screens, bars or other safety devices were placed on the windows as well. Plaintiff argues that having undertaken the duty to protect its tenants from the garbage being thrown, the CHA acted negligently by applying a "careless patchwork cure" to the problem.

In a negligence action, the facts alleged in the complaint must be sufficient to establish the existence of a legal duty owed by the defendant to the plaintiff and a breach of that duty. The determination of the existence of a legal duty is a question of law to be determined by the court. (*Barnes v. Washington* (1973), 56 Ill. 2d 22, 26, 305 N.E.2d 535, 538; *Clinton v. Commonwealth Edison Co.* (1976), 36 Ill. App. 3d 1064, 1068, 344 N.E.2d 509, 513.) Here, we agree with the trial court that the complaint is not sufficient to establish the existence of a legal duty owed by defendant CHA with respect to the occurrence.

■■ Under the facts alleged, CHA assumed the duty of ordinary care in providing for screening or fencing around the outdoor landings on the buildings to prevent debris from being thrown from these landings. Plaintiff, however, does not contend that she was injured due to any negligence on the part of the CHA in screening or fencing these landings. Rather, the gist of her complaint is that the CHA did not act with due care because it failed to prevent the throwing of debris from the windows in the buildings. Plaintiff's theory is based solely on the alleged foreseeability that tenants might throw objects out of their windows. However, the imposition of a legal duty is not dependent on foreseeability alone. The likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant must

also be taken into account. *Lance v. Senior* (1967), 36 Ill. 2d 516, 518, 224 N.E.2d 231, 233; *Trice v. Chicago Housing Authority* (1973), 14 Ill. App. 3d 97, 100, 302 N.E.2d 207, 209.

In the present case, if a legal duty is imposed upon the landlord to prevent tenants from throwing objects out of windows, it would not permit the use of ordinary, usual and customary construction and arrangement of buildings and their surrounding premises. (*Cf. Rogers v. Sins* (1953), 349 Ill. App. 353, 358, 110 N.E.2d 643, 645.) Even if the window openings were considerably restricted or bars were used, small, heavy objects capable of causing severe personal injuries could still be thrown through the remaining spaces. Thus, under plaintiff's theory, the CHA would have to convert its buildings into virtual sealed vaults in order not to be liable for acts such as those allegedly committed by Whitlock. It would also make a landlord an insurer for injuries resulting from objects thrown from windows. We do not believe the law places such a burden upon a landlord.

██ Accordingly, we conclude that count I of the complaint is not sufficient to establish the existence of a legal duty owed by CHA with respect to the occurrence. The trial court therefore properly dismissed count I, and the order is affirmed.

Affirmed.

McGILLICUDDY, P. J., and McNAMARA, J., concur.