TOWN & COUNTRY BANK OF SPRINGFIELD, Plaintiff-Appellee, *v.* COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellant.

Fourth District   No. 4—83—0494

Opinion filed January 24, 1984.

Patrick J. Cadigan, of Gillespie, Cadigan & Gillespie, of Springfield, for appellant.

Thomas R. Appleton, of Presney, Huffman, Kelly & Appleton, of Springfield, for appellee.

JUSTICE GREEN delivered the opinion of the court:

Plaintiff, Town & Country Bank of Springfield, brought this action in the circuit court of Sangamon County as assignee of the proceeds of a cause of action for personal injury. Plaintiff sought to recover a sum of money pursuant to that assignment. On June 14, 1983, following a bench trial, the court entered a judgment in favor of plaintiff finding the assignment was valid, and defendant, Country Mutual Insurance Company, was liable pursuant to the assignment. On appeal, defendant maintains the trial court erred in holding that the proceeds from a cause of action for personal injury could be assigned. We agree.

The facts, as stipulated by the parties pursuant to Supreme Court Rule 323(d) (87 Ill. 2d R. 323(d)), indicate in part that (1) on January 27, 1981, Charles and Linda Austin executed a note in favor of plaintiff for $4,000 plus interest at the rate of 22% per annum; (2) on February 26, 1981, Charles Austin signed a document entitled "Assignment" wherein he purportedly assigned to plaintiff the sum of $4,000 plus interest at the rate of $2.44 per day on any proceeds emanating from settlement of an automobile accident between Charles Austin and Hazel Snyder, who was insured by defendant; (3) no additional monetary consideration passed from plaintiff to Austin as a result of the assignment, but plaintiff released other security in consideration; (4) on March 6, 1981, the assignment was forwarded to defendant's regional claims office; (5) Charles and Linda Austin were divorced following the date of the assignment to plaintiff and prior to Austin's settlement with defendant; (6) on July 24, 1981, Charles Austin filed for bankruptcy listing plaintiff as a secured creditor but not listing the potential receipt of proceeds from the personal injury claim as an asset; (7) plaintiff was listed on the list of discharged creditors and notified when Austin's debts were discharged in bankruptcy in October 1981; (8) on December 10, 1981, defendant settled the personal injury claim and issued a draft to Charles Austin but did not include plaintiff's name on the draft nor pay any funds to plaintiff; and (9)

plaintiff made a claim against defendant for the principal amount of the loan plus accrued interest, and payment was rejected by defendant.

■■ Illinois law has established that a cause of action for personal injuries may survive by virtue of the Survival Act, but it is nevertheless not assignable, on public policy grounds. (*North Chicago Street R.R. Co. v. Ackley* (1897), 171 Ill. 100, 49 N.E. 222; see also *Wilcox v. Bierd* (1928), 330 Ill. 571, 585, 162 N.E. 170, 176.) Two reasons were given for this principle: (1) A litigious person could harass and annoy others if allowed to purchase claims for pain and suffering and pursue the claims in court as assignees; and (2) all assignments are void unless the assignor has either actually or potentially the thing which he attempts to assign. *Ackley*.

In the instant case, however, plaintiff attempts to draw a distinction between the assignment of a right to recover for personal injuries and an assignment of the expectancy of recovery.

Plaintiff claims the distinction has been recognized by Illinois courts. In *Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 338 N.E.2d 912, the court noted that an insured's cause of action against his insurer for failing to settle within the policy limits could be assigned to the insured's judgment creditor. However, that cause of action was not one for personal injury but was for causing the insured to incur monetary liability in the form of a judgment. The cause of action arose from a breach by the insurer of its duties under the insurance contract.

Plaintiff also argues the assignment allowed in *Rahn v. Beurskens* (1966), 66 Ill. App. 2d 423, 213 N.E.2d 301, is analogous to the case at bar. There, the parents assigned to the injured minor any interest in recovery of medical and hospital bills incurred and paid by the father and loss of wages sustained by the mother while at home caring for the child. This court determined that such assignment was "apparently not void." (66 Ill. App. 2d 423, 431, 213 N.E.2d 301, 305.) *Rahn* is distinguishable because, there, the plaintiff assigned recovery for damages resulting from liability incurred under the family expense statute (Ill. Rev. Stat. 1965, ch. 68, par. 15). This was in the nature of a recovery for damage to property rather than a recovery for personal injuries incurred by the assignor.

■■ We consider the distinction between the assignment of a cause of action for personal injuries and the assignment of the expectancy of recovery from such an action to be a fiction not necessary to support some public policy. The reasons against assigning the cause of action are based on public policy established by the precedent of *Ack-*

*ley,* and we will not adopt this meaningless distinction to circumvent that public policy. If the assignment of the cause of action is void, the assignment of the expectancy of the proceeds is also void.

For the foregoing reasons, the judgment of the circuit court of Sangamon County is reversed.

Reversed.

MILLS, P.J., and WEBBER, J., concur.